UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SALENA GLENN,

        Plaintiff,                          Case No. 12-11433
                                                      Honorable Thomas L. Ludington

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
        _____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

On March 30, 2012, Salena Glenn filed a complaint against the Commissioner of Social Security. Glenn requested judicial review of the Commissioner's final decision denying her claim for Social Security Disability benefits. On July 10, 2013, the Court adopted United States Magistrate Judge Mark A Randon's report and recommendation, granted Glenn's motion for summary judgment, denied the Commissioner's motion for summary judgment, and remanded to the Commissioner for further proceedings. The decision turned on the fact that the Administrative Law Judge's "determination that [Glenn] was not disabled is not supported by substantial evidence[.]" Report & Rec. 1, ECF No. 22.

On August 21, 2013, Glenn's attorney filed a motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Because the Commissioner's position in this case was substantially justified, however, Glenn's motion will be denied.

**I**

In August 2008—having experienced injuries and pain stemming from a March 2007 car accident and a skin disease—Glenn submitted an application for disability benefits with the

Social Security Administration. After the Commissioner initially denied Glenn's application, she appeared without counsel for a hearing before Administrative Law Judge (ALJ) Curtis R. Boren, who considered the case de novo.

During the hearing before Judge Boren, Glenn testified that she has headaches that make her feel like she is going to die, constant neck and back pain, trouble with her memory, problems with her shoulder, and cysts around her vulva that occasionally prevent her from walking and require extra bathroom breaks. *See* Admin. R. 38–50.

Following the hearing, Judge Boren issued a written decision on September 27, 2010 concluding that Glenn "has the residual functional capacity to perform light work" and was not disabled. *Id.* at 18. Because "the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy," Judge Boren indicated that "[a] finding of 'not disabled' is therefore appropriate[.]" *Id.* at 23. On February 9, 2012, Judge Boren's findings became the Commissioner's final administrative decision when the Appeals Council declined further review. Thereafter, Glenn filed this lawsuit.

On August 13, 2012, Glenn filed a motion for summary judgment, requesting that Judge Boren's decision be reversed. On November 28, 2012, the Commissioner filed a motion for summary judgment, arguing that Judge Boren's decision should be affirmed. Both motions were referred to Judge Randon for review. On June 19, 2013, Judge Randon issued a report recommending that Glenn's motion be granted, that the Commissioner's motion be denied, and that Judge Boren's decision be reversed and the case remanded for further proceedings. Specifically, Judge Randon found that Judge Boren's "determination that [Glenn] was not disabled is not supported by substantial evidence[.]" Report & Rec. 1. Neither party filed

objections and the report and recommendation was adopted. *See* July 10, 2013 Order, ECF No. 23.

On August 21, 2013, following this Court's adoption of Judge Randon's report, Glenn's counsel filed a motion for attorney's fees under the EAJA.

**II**

The EAJA provides that "a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States[.]" 28 U.S.C. § 2412(a)(1). Further,

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in a civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

**III**

Glenn's counsel asserts that Glenn is the prevailing party in this action, the Commissioner's position was not substantially justified, and the request for fees is reasonable. Pl.'s Mot 1. But because the Commissioner's position was substantially justified, Glenn's motion will be denied.

There is little doubt Glenn was the prevailing party in this action. The Supreme Court established that a party prevails by succeeding on "any significant issue in litigation which achieved some of the benefit the parties sought in bringing suit[.]" *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (brackets omitted). Glenn succeeded in obtaining the relief she sought—a remand to the Commissioner—and thus she is the prevailing

party. Accordingly, an award of attorney's fees turns on whether the government's position was substantially justified.

Noted above, the EAJA mandates an award of attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." § 2412(d)(1)(A). The Supreme Court has defined substantial justification as "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). The Sixth Circuit employs the test set forth in *Pierce*. In *United States v. Real Prop. Located at 2323 Charms Rd., Milford Twp., Oakland Cnty., Mich.*, 946 F.2d 437 (6th Cir. 1991), the court established that "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id*. at 440 (citing *Pierce*, 487 U.S. at 566 n.2). In other words, "[t]he test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action[.]" *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994) (citation omitted).

Glenn argues that the Commissioner's position lacked substantial justification because Judge Boren's decision "is unsupported by substantial evidence" and because Judge Boren "erred by failing to provide [Glenn] the opportunity to cross examine the vocational expert." Pl.'s Mot. 4. But a finding that "a decision of the Secretary is not supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified." *Couch v. Sec'y of Health and Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984). Indeed, "the Government could take a position that is not substantially justified, yet win; even

- 4 -

more likely, it could take a position that is substantially justified, yet lose." *Pierce*, 487 U.S. at 569.

In this case, the Commissioner's position was substantially justified. Glenn sought remand on several substantive grounds, many of which were found to be without merit.[1] The Sixth Circuit has established that victory on several grounds, if not all, renders the government's position "substantially justified." In *Green v. Comm'r of Soc. Sec.*, 52 F. App'x 758 (6th Cir. 2002), the court indicated as follows:

> As the district court noted, the Commissioner's decision was substantially justified. The government was successful in defending the Commissioner's decision as to his evaluation regarding Green's lack of grip strength, environmental restrictions, and reliability of several of her doctors. Furthermore, the court found that the medical evidence did not support her testimony about her complaints of pain. Rather, the district court remanded the request for benefits to the Commissioner for further development of the record as to whether Green could perform light work. *As the government was successful in defending the Commissioner's decision on several issues, the government's position was substantially justified and the denial of attorney's fees under the EAJA was not an abuse of discretion.*

*Id*. at 759 (emphasis added). The logic applies here with equal force, as more than half of Glenn's claims of error were rejected.

---

[1] Glenn claimed that the ALJ erred by failing to request a medical source statement from Glenn's treating physician, Dr. Pollina, and that the ALJ's residual function capability (RFC) determination is unsupported by substantial evidence for three reasons: (1) the ALJ erred in affording "great weight" to Dr. Joh and Dr. Tripp's opinions; (2) the ALJ erred in failing to afford the proper weight to Dr. Qadir and Dr. Shelby-Lane's opinions; and (3) the ALJ failed to accurately consider limitations stemming from Glenn's hidradenitis suppurativa. Report & Rec. 19–20. However, Judge Randon concluded that "[b]ecause the medical record was voluminous, the medical evidence unambiguous, and the record adequate to permit an informed finding by the ALJ, there was no error in the ALJ's failure to request a medical source statement from Dr. Pollina." *Id*. at 19. Moreover, Judge Randon did not believe remand was necessary regarding Dr. Tripp's or Dr. Qadir's opinions. *Id*. at 21–22. Glenn also claimed the ALJ erred in failing to consider her MRI results regarding her left shoulder, but Judge Randon concluded this argument "lacks merit." *Id*. at 25. Accordingly, Judge Randon recommended that the case be remanded to the ALJ "for a discussion" or "consideration" of only the following: Dr. Joh's opinion, Dr. Shelby-Lane's opinion, Glenn's hidradenitis suppurtiva, and Glenn's ability to cross-examine the vocational expert. *Id*. at 21, 23, 24, and 25–30.

Moreover, the government had a substantial justification for defending the Commissioner's decision despite the remand for further proceedings. Even where Judge Randon found error, it related primarily to Judge Boren's explanation for his decision, not the decision itself. Regarding Dr. Joh's opinion, the case was remanded "for a discussion on whether [that] opinion should be afforded 'great weight[,]'" Report & Rec. 21, not that Dr. Joh's opinion could not be afforded great weight. As it involved Dr. Shelby-Lane's opinion, the case was remanded so Judge Boren could "explain how [Glenn] could perform the lifting requirement of light work given Dr. Shelby-Lane's opinion." *Id*. at 23. The case was not remanded because no such explanation was possible. The case was also remanded because Judge Boren considered Glenn's hidradenitis suppurtiva immaterial "upon her ability to perform vocational tasks" even though "the regulations require the ALJ to consider the limiting effects of all [Glenn's] impairments, even those that are not severe[.]" *Id*. at 24 (internal quotation marks and citation omitted). At no point did Judge Randon or this Court conclude that Glenn was not disabled, only that more information was necessary before a final adjudication is appropriate.

Indeed, regardless of the remand, it may yet come to pass that Glenn's application for benefits will be denied. So despite the insufficiencies of Judge Boren's written opinion, the government has prevailed on many of Glenn's claims for error, with the possibility of more to come. Its defense of the decision to deny Glenn's benefits is justified "in the main," *Pierce*, 487 at 565, and attorney's fees will not be awarded.

IV

Accordingly, it is **ORDERED** that Glenn's motion for attorney's fees, ECF No. 25, is **DENIED**.

Dated: October 10, 2013                              s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 10, 2013.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS

---